UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>          Petitioner,<br><br>  vs.<br><br>ROBERT J. AYERS*, Acting Warden of<br>San Quentin State Prison,<br><br>          Respondent. | Case No. CIV. F-06-357-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Appointing Counsel and<br>Notice of Initial Case<br>Management Conference<br><br>DATE:      September 15, 2006<br>TIME:      8:30 a.m. |

On March 30, 2006, Petitioner Colin Raker Dickey ("Dickey"), a state prisoner facing capital punishment, filed a request for appointment of counsel, for stay of execution and to proceed in forma pauperis pursuant to 28 U.S.C. § 2254.  On March 31, 2006, an order was issued provisionally granting in forma pauperis status, referring the case to the Selection Board for the Eastern District of California for recommendation of counsel, and staying the execution for 45 days.  The temporary stay was extended, and Dickey was granted permanent in forma pauperis status, on May 17, 2006.

_____

* Robert J. Ayers is substituted for his predecessor, Eddie Ylst, as Acting Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

1    The Selection Board recommends Kerry Bensinger, Esq., Bensinger,

2   Ritt & Tai, 65 North Raymond Avenue, Suite 320, Pasadena, California,

3   91103, (626) 685-2550, for appointment as lead counsel in this case, and

4   approves Mr. Bensinger's request that his associate, Elizabeth Piliavin-

5   Godwin, Esq. be appointed as second counsel.

6    The Guide to Case Management and Budgeting in Capital Habeas

7   Cases, Eastern District of California, Fresno Division[1] (hereafter the

8   "Attorney Guide") provides an overview of the process for capital habeas

9   corpus cases in this Court.  Upon receipt of this order, Mr. Bensinger is

10   directed to familiarize himself with the Attorney Guide.  Particular

11   attention should be given to information about case management

12   procedures and matters governing payment rates for appointed counsel,

13   investigators, and experts.  *See* Attorney Guide, ¶¶ 7, 9.  As no

14   reimbursement rate has been established for Mr. Bensinger or Ms. Piliavin-

15   Godwin, setting that rate should be the first order of business.  To assist the

16   Court in this determination, Mr. Bensinger and Ms. Piliavin-Godwin are

17   directed to each complete a Rate Justification Worksheet (Appendix A to

18   the Attorney Guide).  Mr. Bensinger shall also complete as much or all of

19   the Confidential Case Evaluation Form (Appendix B to the Attorney

20   Guide) as is possible at this stage of the proceedings.  Both of these

21   documents will be submitted to the Court confidentially with an

22   application to establish a rate of reimbursement for both lead and second

23   counsel.  Following establishment of a reimbursement rate, appropriate

24   budget forms will be electronically transmitted to counsel.  *See* Attorney

25

26    [1] The Attorney Guide is posted on the Court's website, under Attorney Info, Fresno, Forms.

OApptCnslDky                           2

Guide, ¶ 10.  A preliminary budget for Phase I of the litigation must be presented and approved before any reimbursement for professional services will be authorized.  *See* Attorney Guide, ¶¶ 44-48.  As specified in the Attorney Guide, the proposed budget and application, including supporting declarations, should be submitted to the Court under seal.[2]

An initial Case Management Conference ("CMC") is set for September 15, 2006, at 8:30 a.m., and will be held telephonically.  Dickey's proposed budget for Phase I should be presented to the Court without delay, but should be filed no later than one calendar week prior to the CMC.  The purpose of the initial CMC will be to discuss the status of record assembly and review by Dickey's counsel, case complexity[3], an approximate date counsel for Respondent will be able to lodge the record, and any other matters the parties wish to discuss together with the Court.  Once case management issues are resolved, counsel for Respondent will be excused from the CMC so the Court can discuss budgeting procedures with Dickey's counsel on an ex parte basis.  Among the topics to be discussed during the ex parte proceedings is the time Dickey's counsel believe they will need to complete their review and annotation of the record.  The Court additionally may authorize interim expenditures for paralegals at an approved rate and schedule a date for submission of a revised proposed budget for Phase I, if appropriate.  The revised proposed

---

[2] In this Court, sealed applications are submitted by mail and scanned into the Court's electronic filing system by Court Clerk's Office staff.  The original documents are then returned to counsel.

[3] In evaluating case complexity, counsel for Respondent is also directed to complete the Confidential Case Evaluation Form, which may be submitted to the Court confidentially or openly, at the discretion of Respondent.  *See* Attorney Guide, ¶ 44.

budget should include all tasks to be completed during Phase I, including the time actually spent on tasks which already have been completed or partially performed.  Counsel will not be reimbursed for work performed before the date of appointment without prior approval on a showing of good cause.  The services of investigators or experts are not contemplated during this phase, but will be considered upon adequate justification.

Good cause appearing,

Kerry Bensinger, Esq., is appointed as lead counsel, and Elizabeth Piliavin-Godwin, Esq., is appointed as second counsel to represent Dickey for all purposes in these proceedings.

The initial Case Management Conference will be held telephonically at 8:30 a.m., on September 15, 2006.  Counsel for Dickey shall initiate the conference call.

Counsel for both parties shall file the Confidential Case Evaluation Form, as indicated above.  Counsel for Dickey shall concurrently file the proposed budget for Phase I.

IT IS SO ORDERED.

IT IS SO ORDERED.

**Dated:   August 15, 2006**          **/s/ Anthony W. Ishii**
b64h1h                                UNITED STATES DISTRICT JUDGE

OApptCnslDky                                4