UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>          Petitioner,<br><br>   vs.<br><br>ROBERT L. AYERS, JR., Acting Warden of San Quentin State Prison,<br><br>          Respondent. | Case No. CIV. F-06-357-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Granting in Part Petitioner's Motion for Equitable Tolling and Vacating Hearing Date |

On November 1, 2006, Petitioner Colin Raker Dickey ("Dickey"), filed a motion for equitable tolling of the statute of limitations, requesting tolling of 235 days to October 14, 2007. Dickey filed a declaration of his federal counsel under seal in support of the motion. Respondent Robert L. Ayers, Jr. ("the State") filed an opposition to the motion November 15, 2006. The motion is currently set for hearing on December 4, 2006.

Dickey submits three reasons call for equitable tolling. First, he seeks tolling for the amount of time that he was without federal counsel, from the United States Supreme Court's denial of certiorari on his direct appeal (Feb. 21, 2006), through the date of his first federal filing (Mar. 30, 2006) until federal counsel was appointed (Aug. 15, 2006). Second, he seeks tolling for the time from the appointment of counsel until the Phase I budget was approved on Oct.16, 2006.

1  Third, he asserts, as additional justification for the entire time of requested tolling,
2  that insufficient investigation was done by state counsel and the federal petition
3  cannot be adequately prepared for filing until October 14, 2007.
4        In support of the last reason for tolling, the sealed declaration of counsel
5  gives specifics about what tasks state counsel did and which tasks remain to be
6  completed before an adequate habeas petition can be filed.  Counsel estimates the
7  required investigation will take until May or June of 2007 to complete, and the
8  investigation is needed by anticipated experts in order to formulate their opinions.
9  Counsel estimates the anticipated expert services will require another four months,
10  and allowing one month to incorporate the experts' opinions into the petition puts
11  the earliest filing date in October.
12        The State's first objection to Dickey's motion asserts that requesting tolling
13  before the petition is filed is premature and seeks an advisory opinion, since the
14  statute of limitations is still running.  The State contends Dickey must file his
15  petition as soon as possible, and then, if it is filed late, request relief –  essentially
16  that Dickey must take his chances as to whether or not equitable tolling will be
17  available.  The State asserts *Beeler*[1] is not controlling on this issue, even though
18  the Ninth Circuit concluded that "extraordinary circumstances" existed which
19  justified equitable tolling, because no authority was given to support a decision in
20  advance of the statute expiring.
21        Equitable tolling has been granted in many California capital cases prior to
22  the filing of a federal petition.  The State's jurisdictional argument has little
23  support in the capital context.  *Beeler* addressed the pre-petition posture of the
24

---

[1] *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on another issue by Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc), *Kelly overruled by Woodford v. Garceau*, 538 U.S. 202 (2003).

OEquitableTollingDky                    2

1 case, although admittedly without analysis.  In Footnote 3, the Court discussed at
2 length the fact that no petition had been filed.  *Beeler*, 128 F.3d at 1287 n.3.
3 Nevertheless, the Court affirmed the district court's exercise of jurisdiction to
4 grant pre-petition equitable tolling.  Further, anticipatory equitable tolling is
5 appropriate under *McFarland v. Scott*, 512 U.S. 849, 857-58 (1994), which held
6 that a district court had jurisdiction to appoint counsel and issue a stay of
7 execution before the filing of a petition. Similar interests are implicated by a
8 request for stay and a request for equitable tolling.  Forcing Dickey's counsel to
9 file a petition without a reasonable opportunity to fully research and present the
10 claims would severely limit Dickey's right to counsel.

11 Second, the State argues that Dickey has no constitutional right to counsel
12 on habeas, so equitable tolling would not preserve any consitional due process
13 right.  The State construes *Beeler* to be limited to its facts: where federal counsel
14 diligently pursued the preparation of Beeler's petition, but when he withdrew after
15 accepting employment in another state, much of the work product he left behind
16 was not usable by replacement counsel, an event over which Beeler had no
17 control.  The State argues that since there is no right to counsel in these
18 proceedings, Dickey was obligated to protect his own rights and prepare his
19 petition.  The State contends the implication that Dickey sat on his rights should
20 not be considered an equitable basis on which to toll the statute.

21 This argument ignores the fact that in capital cases a right to counsel is
22 granted by *statute*, and that the U.S. Supreme Court has acknowledged the
23 importance of counsel to prepare a capital habeas petition.  *See McFarland v.*
24 *Scott*, 512 U.S. at 854-55.  "An attorney's assistance prior to the filing of a capital
25 defendant's habeas corpus petition is crucial, because '[t]he complexity of our
26 jurisprudence in this area . . . makes it unlikely that capital defendants will be able

to file successful petitions for collateral relief without the assistance of persons learned in the law.' " *Id.* at 855-56 (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in judgment)).  There is no precedent in this district, or circuit, to expect a capital prisoner to prepare his own federal habeas petition.

Third, the State asserts that neither the 37-day period before Dickey's first federal filing, nor the 60 days federal counsel spent "awaiting files and funding approval for the case" are based on extraordinary circumstances beyond Dickey's control and so do not justify tolling.  The State observes two counsel were appointed to represent Dickey, which certainly places him in a much better position to meet the AEDPA's limitation period.

This argument is more persuasive.  Most of the published orders granting equitable tolling of the statute of limitations have done so only in limited situations (i.e., lack of counsel or incompetence), and usually have not included the time before a petitioner's first filing in federal court.  As to the time until the budget was approved, Dickey cites to a case where tolling was granted for that reason, but there the judge had instructed second counsel *not* to do any substantive work until the budget was approved.  *See Holloway v. Wong*, CIV. S-05-2089-FCD-CMK (E.D. Cal., June 12, 2006).  That situation did not occur here.

Lastly, the State disagrees with Dickey's assertion that granting tolling would not cause prejudice, stating the assertion is pure speculation and that the continued passage of time runs the risk of memories fading or losing potential witnesses or evidence.  The State observes that 14 years have already passed since Dickey was convicted, and unnecessary tolling would hinder the ability of the victim's survivors to obtain timely closure and jeopardize society's interest in swift punishment.  This argument is not persuasive.  Even if tolling is granted, it

1  would be for a limited period of time, which in light of the 14 years that the state
2  court took to review the case, is not significant.
3     There is sufficient justification and precedent to support granting equitable
4  tolling for the 138 days from Dickey's first federal filing until counsel was
5  appointed.  This would extend the statute of limitations to July 10, 2007.
6     Dickey has made a persuasive showing that additional time beyond July 10
7  may be required to adequately prepare the petition due to the lack of investigation
8  by state habeas counsel, and has cited to some cases where equitable tolling was
9  granted because additional time was required to prepare the petition.  Dickey's
10 estimates of the time which will be required to complete the investigation and
11 expert opinions are, at this point, subjective and based on little specific time
12 requirements.
13    Dickey's motion for equitable tolling is granted for 138 days, extending the
14 statute of limitations to July 10, 2007.  The denial of the remaining time is without
15 prejudice to raising the request again when the estimates of the time required to
16 complete the petition would be less speculative and based on more specific facts.
17 The hearing set for December 4, 2006, is vacated.
18
19 IT IS SO ORDERED.
20 **Dated:   November 17, 2006**            /s/ Anthony W. Ishii
   c508d4                                  UNITED STATES DISTRICT JUDGE

OEquitableTollingDky                       5