UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>   Petitioner,<br><br> vs.<br><br>ROBERT L. AYERS, JR., Warden of San Quentin State Prison,<br><br>   Respondent. | Case No. CIV. F-06-357-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Granting Petitioner's Second Motion for Equitable Tolling and Vacating Hearing Date |

On May 11, 2007, Petitioner Colin Raker Dickey ("Dickey"), filed a second motion for equitable tolling of the statute of limitations, requesting an additional tolling of 90 days to October 8, 2007. Dickey filed a declaration of his federal counsel under seal in support of the motion. Respondent Robert L. Ayers, Jr. ("the State") filed an opposition to the motion May 25, 2007. The motion is currently set for hearing on June 11, 2007.

Dickey's first request sought equitable tolling for 235 days. The motion was granted in part, extending the statute of limitations by 138 days to July 10, 2007. The remaining time requested was denied without prejudice to raising the request again when the estimates of the time needed to complete the petition would be less speculative and based on more specific facts.

Dickey submits four reasons justify additional equitable tolling.  First, he contends 45 days were lost from the time to prepare the petition due to the rejection of his Phase II budget by the Ninth Circuit Judicial Council, and the instruction by this Court to cease work on the case until the budget could be revised.  Second, he asserts the work stoppage had a negative ripple effect on the preparation of the case.  Third, he states the efforts to adopt a viable budget consumed more of counsel's time than originally anticipated, which detracted from preparing the petition.  Fourth, he reveals that a critical member of the defense team, the mitigation specialist who is collecting and organizing the social history documents, has taken a different job, and her replacement will need time to become familiar with the case.  Counsel argues that despite their diligence, these circumstances have made it impossible to file a completed petition by July 10, and additional tolling is necessary to allow a full opportunity to present all the issues in this case.

In support of the request for additional tolling, the sealed declaration of counsel gives specifics about what tasks have been accomplished and which tasks remain to be completed before an adequate habeas petition can be filed.  Counsel states that in light of the resignation of their mitigation investigator and the delays experienced due to the work stoppage, it is impossible to complete the petition by July 10, 2007. Counsel's best case estimates for completion of the anticipated investigation and expert services is the end of August, allowing one month to incorporate the experts' opinions into the petition by early October.

The State objects to Dickey's motion, repeating arguments which were presented in opposition to the first motion for equitable tolling: that requesting tolling before the petition is filed is premature and seeks an advisory opinion; and that there is no constitutional right to counsel on habeas.  These arguments were

specifically rejected in the prior order on equitable tolling.

The State presents two new objections to Dickey's motion.  First, the State argues that further investigation will only result in the presentation of unexhausted claims, which may be procedurally defaulted and so foreclosed from federal review, and will lead to further delays while those claims are exhausted in state court.  Second, the State contends that budgetary struggles and investigatory delays are not extraordinary circumstances beyond Dickey's control and do not justify tolling.

The State's argument that investigation will lead to unexhausted claims which may be procedurally defaulted and cause further delay due to abeyance of these proceedings during exhaustion of state remedies is not persuasive. Procedural default rules are not well established in California.  It is not clear that claims which are presented to the state court even at this late date would be defaulted and thus barred from federal habeas review, especially in light of California's history of denying investigative funding and rarely holding evidentiary hearings on habeas claims.

The State's argument that budgetary struggles and investigatory delays are not beyond Dickey's control and do not justify tolling also fails to persuade. Counsel was instructed not to do any work on the case until a revised budget was approved.  That instruction, and the delay it caused, was definitely beyond Dickey's control.  Further, there is precedent for granting tolling where counsel is under court order to suspend work on the case. *See Calderon v. U.S. Dist. Court (Kelly II)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), *abrogated on other grounds by Garceau v. Woodford*, 538 U.S. 202 (2003).

There is sufficient justification and precedent to support granting Dickey's second motion for equitable tolling.  Dickey's motion for equitable tolling is

1  granted for 90 days, extending the statute of limitations to October 8, 2007.  The
2  hearing set for June 11, 2007, is vacated.
3
4
5  IT IS SO ORDERED.
6  **Dated:    June 4, 2007**          /s/ **Anthony W. Ishii**
                                        UNITED STATES DISTRICT JUDGE

OEquitableTolling2Dky

4