UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>ROBERT L. AYERS, Jr., Warden<br>of San Quentin State Prison,<br><br>　　　　Respondent. | Case No. CIV. F-06-357-AWI-P<br><br><u>DEATH PENALTY CASE</u><br><br>Order Regarding Respondent's<br>Motion to Dismiss |

Petitioner Colin Raker Dickey ("Dickey") filed his federal petition July 10, 2007. Counsel for Dickey and counsel for Respondent Robert L. Ayers, Jr. ("the Warden") filed a Joint Statement on Exhaustion January 15, 2008. The Warden filed a motion to dismiss based on failure to exhaust state remedies for all claims on March 3, 2008.

The Warden advocates dismissing Dickey's mixed federal petition based on *Rose v. Lundy*, 455 U.S. 509 (1982), but fails to comment on subsequent cases

from the United States Supreme Court addressing issues of federal habeas review and exhaustion of claims in state court under the AEDPA. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (recognizing the discretion of district courts to stay and hold in abeyance mixed habeas petitions during exhaustion of federal claims in state court) and *Pace v. Digluglielmo*, 544 U.S. 408, 416 (2005) (approving the stay and abey procedure where there is reasonable confusion about state timeliness procedures). Alternatively, the Warden suggests that Dickey withdraw his unexhausted claims and proceed with his fully-exhausted federal petition.

When a court is presented with a mixed petition, it may not grant relief on any of the unexhausted claims. 28 U.S.C. § 2254(b)(1). Prior to the issuance of *Rhines v. Weber*, 544 U.S. 269 (2005), mixed petitions were routinely dismissed, or, alternatively petitioners were given the option of withdrawing unexhausted claims and proceeding on fully exhausted petitions. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982), *quoted by Jackson v. Roe*, 425 F.3d 654, 658 (9th Cir. 2005). A convoluted withdrawal, abeyance, and re-amend procedure was developed in the Ninth Circuit in *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 985 (9th Cir. 1998), that permitted district courts to hold fully exhausted petitions (with unexhausted claims deleted) in abeyance pending exhaustion in state courts. *Rhines* recognized that district courts have the discretion to stay and hold in abeyance <u>mixed</u> habeas petitions during exhaustion of federal claims in state court. 544 U.S. at 276. Recognition of this discretion obviates the need for the withdrawal, abeyance, re-amend procedure developed in *Taylor*, 134 F. 3d 981.

Under *Rhines*, abeyance may be ordered in limited circumstances, restricted by the satisfaction of three requirements. First, there must be good cause for the petitioner's failure to have exhausted his claims "first in state court." 544 U.S. at 277. Second, the unexhausted claims must not be "plainly

meritless." *Id*. Finally, a mixed petition "should not be stayed indefinitely," meaning there should be specific limits on the trip to state court and back to federal court. *Id*. at 277-78. If a petitioner has good cause for his failure to exhaust, has potentially meritorious claims, and is not engaging in abusive litigation tactics then "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." *Rhines*, 544 U.S. at 277.

The Court in *Rhines* did not define or give any examples of what may constitute "good cause" for not presenting unexhausted claims in state court before filing in federal court, but *Pace v. Diguglielmo* provides guidance by suggesting that good cause is satisfied by the existence of "reasonable confusion about whether a state filing would be timely." 544 U.S. at 416. California's timeliness rules, and their application, are uncertain. *See Dennis v. Brown*, 361 F. Supp. 2d 1124, 1133-34 (N.D. Cal. 2005)).

Dickey need not file an opposing brief to the Warden's motion to dismiss. Any opposition by the Warden contesting abeyance in this case should be filed on or before March 17, 2008.

IT IS SO ORDERED.

**Dated:   March 6, 2008**               /s/ Anthony W. Ishii
                                   UNITED STATES DISTRICT JUDGE