# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison,<br><br>　　　　Respondent. | Case No.: 1:06-cv-00357 –AWI-P<br><br>DEATH PENALTY CASE<br><br>ORDER REGARDING MERITS BRIEFING OF FEDERAL PETITION |

　　　Petitioner Colin Raker Dickey ("Dickey") filed his federal habeas petition, without supporting points and authorities, October 4, 2007. Dickey's petition was determined to contain unexhausted claims and abeyance was granted May 21, 2008. During the pendency of Dickey's state exhaustion petition, counsel representing Dickey withdrew, and new counsel was appointed on June 13, 2012. The California Supreme Court summarily denied Dickey's state exhaustion petition May 23, 2012.

　　　Respondent Kevin Chappell ("the Warden") file his Answer, also without points and authorities, August 30, 2013. A Joint Statement regarding a proposed schedule for merits briefing was concurrently filed, but the parties were unable to agree on a briefing schedule. Dickey proposes to brief Claim 13 first, as it alleges the prosecutor knowingly failed to correct a false impression that the prosecution had not done witness Buchanan any favors which might reflect on his credibility, and that the prosecutor exploited the false impression in his argument to the jury. Dickey contends this claim can be resolved on the record as it was presented to the state court on direct appeal, no factual development is needed for its resolution, and if it is granted, the remaining claims in the federal

1

petition will be moot. The Warden prefers to address all merits claims in one pleading, but alternatively would like the briefing divided into as few pleadings as possible.

A review of the the California Supreme Court's opinion on direct appeal and Dickey's federal petition reveal that many claims involve Gene Buchanan, the *Napue* claim (presented in Claim 13), a *Brady* claim about his narcotics charge, and numerous ineffective assistance of counsel claims about the theory that Buchanan, and not Dickey, was the actual co-perpetrator with Richard Cullumber. The interrelation of those claims make it unlikely that Claim 13 can be resolved independently.

The parties shall meet and confer within the next 30 days, and on or before November 15, 2013, file a proposed schedule for merits briefing which addresses all the claims presented in the federal petition.

IT IS SO ORDERED.

Dated:   October 8, 2013   .

      /s/  Anthony W. Ishii   .
ANTHONY W. ISHII
**United States District Judge**

2