# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison,<br><br>　　　　Respondent. | Case No.: 1:06-cv-00357 –AWI-P<br><br>DEATH PENALTY CASE<br><br>ORDER SETTING MERITS BRIEFING SCHEDULE |

Petitioner Colin Raker Dickey ("Dickey") filed his federal habeas petition, without supporting points and authorities, October 4, 2007. Dickey's petition was determined to contain unexhausted claims and abeyance was granted May 21, 2008. During the pendency of Dickey's state exhaustion petition, counsel representing Dickey withdrew, and new counsel was appointed on June 13, 2012. The California Supreme Court summarily denied Dickey's state exhaustion petition May 23, 2012.

Respondent Kevin Chappell ("the Warden") file his Answer, also without points and authorities, August 30, 2013. A Joint Statement regarding a proposed schedule for merits briefing was concurrently filed, but the parties were unable to agree on a briefing schedule. Dickey proposal to brief Claim13 first was rejected as the interrelation of other claims make it unlikely that Claim 13 can be resolved independently. The parties filed, as instructed, a proposed schedule for merits briefing addressing all the claims in the federal petition.

Counsel for Dickey proposed to file merits briefing in support of the guilt phase claims in the petition, recalling a prior agreement between the parties at the December 17, 2012 case management

1

conference to address the guilt phase claims before the penalty phase claims. *See* Doc. 89. Counsel for Dickey asserts his guilt phase brief can be filed within 120 days, and states the Warden estimates between 120 and 180 days to file a responsive brief to all claims. The Court agrees to Dickey's request to brief the guilt phase claims separately from the penalty phase claims.

To streamline the resolution of this case and conserve judicial resources, the merits briefing and any requests for further factual development shall be combined in the same document. A request for factual development shall include: 1) identification of the claim for which factual development is sought; 2) offers of proof for what Dickey contends will be uncovered; and 3) a statement of compliance with 28 U.S.C. § 2254(e)(2).

The following briefing schedule is established for the guilt phase claims presented in Dickey's federal petition:

1. Dickey's merits brief and request for factual development is due on or before April 16, 2014;
2. The Warden's responsive brief and opposition to factual development is due on or before September 8, 2014; and
3. Dickey's reply is due on or before November 7, 2014.

IT IS SO ORDERED.

DATED: November 15, 2013                    /s/ Anthony W. Ishii
                                            ANTHONY W. ISHII
                                            United States District Judge