# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent. | Case No.  1:06-cv-00357-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>SCHEDULING ORDER FOLLOWING CASE MANAGEMENT CONFERENCE |

This matter came on for a telephonic case management conference on February 17, 2017, at 10:00 a.m., in the above-entitled Court, the Honorable Stanley A. Boone presiding. Counsel David Senior and Ann-Kathryn Tria appeared for Petitioner and counsel Justain Riley appeared for Respondent.

## I.

## BACKGROUND

On March 15, 1991, a jury found Petitioner guilty of: two counts of murder with special circumstances of felony-murder robbery and felony-murder burglary and multiple murder, first degree robbery of each victim, and first degree burglary of their residence. On March 22, 1991, the jury returned a penalty phase verdict of death. The trial court sentenced Petitioner to death on February 21, 1992.

On May 23, 2005, the California Supreme Court affirmed Petitioner's conviction on

direct appeal. That court denied Petitioner's motion for rehearing on July 13, 2005. That court denied Petitioner's first writ of habeas corpus on November 30, 2005.

On February 21, 2006, the United States Supreme Court denied Petitioner's writ of certiorari.

On March 30, 2006, Petitioner began these federal habeas corpus proceedings. He filed his federal petition for habeas corpus, without points and authorities, on October 4, 2007. These proceedings were then stayed pending exhaustion of Petitioner's second state habeas petition which the California Supreme Court denied on May 23, 2012.

Respondent answered the petition, without points and authorities, on August 29, 2013.

On November 18, 2013, the Court ordered bifurcated briefing with the guilt phase claims briefed separately from and prior to the penalty phase claims.

On January 13, 2017, the Court denied the guilt phase claims. The Court then set the instant case management conference relating to phase III proceedings on the bifurcated penalty claims and ex parte budgetary discussions with Counsel.

## II.

## DISCUSSION AND ORDER

The purpose of the instant conference was to discuss phase III scheduling on the bifurcated penalty claims with all counsel, and to discuss the Criminal Justice Act budget ex parte with counsel for Petitioner.

Following the public portion of the case management conference, Respondent's counsel was excused and the undersigned held an ex parte budgeting conference with counsel for Petitioner. The results of that budgeting conference are covered in a separate, sealed order.

Upon review of the record and consideration of discussions with counsel at the hearing, the Court sets the following schedule, provided that (1) the Court will not entertain request(s) for summary judgment, (2) motions for evidentiary development may be filed only after the Court rules on the merits of the penalty claims and according any schedule then provided by the Court, (3) the merits of the claims alleged in the petition will be addressed prior to procedural and Teague defenses, and (4) any request for continuance will be viewed with extreme disfavor.

Accordingly, it is HEREBY ORDERED that:

1. On or before April 17, 2017, Petitioner shall file a memorandum of points and authorities addressing 28 U.S.C. § 2254(d) in support of each penalty claim in the petition.
2. On or before June 19, 2017, Respondent shall file a memorandum of points and authorities in opposition.
3. On or before July 19, 2017, Petitioner shall file any reply memorandum of points and authorities.

IT IS SO ORDERED.

Dated: **February 17, 2017**

UNITED STATES MAGISTRATE JUDGE