UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>   Petitioner,<br><br>   v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>   Respondent.[1] | Case No.  1:06-cv-00357-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING CONDITIONAL WRIT OF HABEAS CORPUS |

Colin Raker Dickey filed a petition for writ of habeas corpus under 28 U.S.C.A. § 2254 (West) challenging his 1991 first-degree murder conviction, death eligibility findings, and death sentence rendered in Fresno County Superior Court Case No. 416903-3.

Petitioner was convicted after a jury trial of murdering Marie Caton and Louis Freiri, and the jury found true the special-circumstances of felony-murder robbery and felony-murder burglary and multiple murder; and found guilty of first-degree robbery of each victim and first-degree burglary of their residence.  Petitioner admitted a prior felony conviction and waived personal presence at the penalty phase.  The jury returned a death verdict.

The California Supreme Court affirmed Petitioner's conviction on direct appeal.  *People v. Dickey*, 35 Cal. 4th 884, 111 P.3d 921 (2005).  That court denied Petitioner's request for rehearing.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ron Broomfield, Warden of San Quentin State Prison, is substituted as Respondent in place of his predecessor wardens.

*People v. Dickey*, California Supreme Court Case No. S025519. On February 21, 2006, the United States Supreme Court denied Petitioner's writ of certiorari. *Dickey v. California*, 546 U.S. 1177, 126 S. Ct. 1347, 164 L. Ed. 2d 60 (2006). The California Supreme Court, on collateral review, denied Petitioner's state habeas petitions. *In re Dickey*, S115079 (2005); *In re Colin Raker Dickey*, No. S165302 (2012).

Petitioner began federal proceedings pursuant to 28 U.S.C.A. § 2254 in 2006. In 2013, the Court bifurcated the claims with proceedings on the guilt phase claims to proceed separate from and prior to, the penalty phase claims. The Court denied the guilt phase claims on the merits in 2017. Then, in 2019, the Court denied the penalty phase claims on the merits, denied the writ of habeas corpus, and entered judgment, while also issuing a certificate of appealability as to certain claims.

The Ninth Circuit Court of Appeals affirmed in part, reversed in part, and remanded with instructions to grant a conditional writ of habeas corpus as to the special-circumstances findings and the imposition of the death penalty. *Dickey v. Davis*, 69 F.4th 624, 648 (9th Cir. 2023). The Circuit held that the prosecution's failure to correct false and misleading testimony elicited from its principal witness, Gene Buchanan, in support of special-circumstances findings was material under *Napue*.[2] The Court reasoned that "if the jury had known Buchanan testified falsely, there was a reasonable likelihood that this could have affected its decision to impose a capital sentence." *Dickey*, 69 F.4th at 644. The Ninth Circuit issued its mandate on June 22, 2023. Accordingly, the Court **ORDERS**:

1. The Court **GRANTS** a conditional writ of habeas corpus as to the special-circumstances findings and the imposition of the death penalty.

2. **Within 90 days,** the State of California may grant Petitioner a new trial on the special-circumstances allegations or agree that he may be sentenced to a penalty other than death in conformity with state law.

3. The Clerk of the Court is directed to serve copies of this order to counsel for Petitioner, David Senior, counsel for Respondent, Deputy Attorney General Justain Riley, and to

---

[2] *Napue v. People of State of Ill.*, 360 U.S. 264 (1959).

Ron Broomfield, Warden of San Quentin State Prison.

IT IS SO ORDERED.

Dated: __**September 7, 2023**__

UNITED STATES DISTRICT JUDGE