UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>　　　　　Respondent. | Case No.  1:06-cv-00357-JLT-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER: (1) DENYING PETITIONER'S MOTION FOR RELEASE FROM CUSTODY, and (2) VACATING THE JUNE 5, 2024 HEARING |

I. INTRODUCTION

Before the Court in this 28 U.S.C. § 2254 habeas corpus proceeding is Petitioner's motion for release from custody.  (Doc. 163.)  Respondent filed opposition to the motion attaching five exhibits.  (Docs. 164, 165.[1])  Petitioner replied to the opposition.  (Doc. 166.)  Respondent filed further exhibits in support of the opposition.[2]  (Doc. 167.)

Having reviewed the parties' filings in light of controlling legal authority and the record, the Court finds the matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230(g);

---

[1] The Court takes judicial notice of records filed in the Fresno County Superior Court resentencing proceedings, Docs. 165 through 165-4 herein, the contents of which are undisputed by the parties. Fed. R. Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Selane Prod. Inc. v. Cont'l Cas. Co*., 2020 WL 7253378 (C.D. Cal. Nov. 24, 2020).

[2] The Court does not consider Respondent's Further Exhibits, Docs. 167 through 167-2. E.D. Cal. Local Rule 230(m).

1

1 Standing Order, Hon. Jennifer L. Thurston.  For the reasons discussed below, the Court DENIES
2 Petitioner's motion for release from custody in its entirety.  The hearing set for June 5, 2024 is
3 VACATED.

## II. BACKGROUND

Petitioner filed in this Court a petition for writ of habeas corpus under 28 U.S.C.A. § 2254 challenging his 1991 first-degree murder conviction, death eligibility findings, and death sentence rendered in Fresno County Superior Court Case No. 416903-3.

Petitioner was tried by jury and convicted of murdering Marie Caton and Louis Freiri with special-circumstances of felony-murder robbery and felony-murder burglary and multiple murder; and found guilty of first-degree robbery of each victim and first-degree burglary of their residence. Petitioner admitted a prior felony conviction and waived personal presence at the penalty phase. The jury returned a death verdict.

The California Supreme Court affirmed Petitioner's conviction on direct appeal. *People v. Dickey*, 35 Cal. 4th 884 (2005).  That court denied Petitioner's request for rehearing. *People v. Dickey*, California Supreme Court Case No. S025519. On February 21, 2006, the United States Supreme Court denied Petitioner's writ of certiorari. *Dickey v. California*, 546 U.S. 1177 (2006).

The California Supreme Court, on collateral review, denied Petitioner's state habeas petitions. *In re Dickey*, S115079 (2005); *In re Colin Raker Dickey*, No. S165302 (2012).

Petitioner began federal proceedings pursuant to 28 U.S.C.A. § 2254 in 2006.  The Court, in 2013, bifurcated the claims with proceedings on the guilt phase claims to proceed separate from and prior to the penalty phase claims.  The Court, in 2017, denied guilt phase claims on the merits. The Court, in 2019, denied penalty phase claims on the merits, denied the petition for writ of habeas corpus,  issued a certificate of appealability as to certain claims, and entered judgment thereon.

The Ninth Circuit Court of Appeals, on appeal, affirmed in part, reversed in part, and remanded with instructions to grant a conditional writ of habeas corpus as to the special-circumstances findings and the imposition of the death penalty.  The Circuit Court provided that "[t]he State may either grant Dickey a new trial on the special-circumstances allegations within

ninety days or agree that he may be sentenced to a penalty other than death in conformance with state law." *Dickey v. Davis*, 69 F.4th 624, 648 (9th Cir. 2023), citing *Phillips v. Ornoski*, 673 F.3d 1168, 1197 (9th Cir. 2012). The Ninth Circuit issued its mandate on June 22, 2023.

This Court, on September 7, 2023, issued an order granting a conditional writ of habeas corpus as to the special-circumstances findings and the imposition of the death penalty (hereinafter the "Conditional Writ"), providing that "[w]ithin 90 days, the State of California may grant Petitioner a new trial on the special-circumstances allegations or agree that he may be sentenced to a penalty other than death in conformity with state law. (Doc. 162 at 2.)

### III. DISCUSSION

Petitioner argues that he is eligible for release because the State failed either to grant him a new trial on the special circumstances allegations or exercise its right to resentence him in accordance with state law, prior to the ninety-day deadline (i.e. by December 6, 2023, hereinafter the "Ninety-Day Deadline") as required by the Court's Conditional Writ. See Doc. 166 at 2 citing *Harvest v. Castro*, 531 F.3d 737, 750 (9th Cir. 2008) (state ordered to release defendant where it inexcusably took no action on the conditional writ prior to the deadline therein, engaged in substantial delay, and then moved for extension of the deadline).)

Petitioner argues the resentencing hearing in the Fresno County Superior Court conducted on February 16, 2024 and resultant resentencing to two consecutive 25 years to life sentences for murder (hereinafter the "February 16, 2024 Resentencing") was untimely under the Conditional Writ; denied him presence, notice, and opportunity to respond to the State's case; and was not in accordance with state law.

Respondent argues in opposition to the motion that the State timely complied with the Court's Conditional Writ, and that in any event Petitioner's actions in state court waived the Ninety-Day Deadline for compliance with the Conditional Writ. Particularly, Respondent observes evidence in the record that, prior to the Ninety-Day Deadline: the State and Petitioner's counsel agreed to resentencing with dismissal of the special circumstance allegations, the State notified Petitioner's counsel and the sentencing court there would be no retrial, and the State requested the resentencing matter be calendared in the sentencing court. Respondent argues the February 16,

2024 Resentencing was noticed to and briefed by the parties (Doc. 165, Exhibits A, B) and imposed two consecutive 25 years to life sentences, not including special circumstances, stemming from the murders, according to state law.  (Doc. 165, Exhibits C-E.)

"[C]onditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give states time to replace an invalid judgment with a valid one." *Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005); *see also Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008); *Herrera v. Collins,* 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence.").

The Ninth Circuit Court of Appeals has stated that:

> If a state complies with a conditional writ, the petitioner will not be released from detention, because the state has cured the constitutional error and the federal court's residual enforcement jurisdiction ends. *See, e.g.*, *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) (" 'If the state complies with its order, the petitioner will not be released ....' [W]hen a state meets the terms of the habeas court's condition, ... the habeas court does not retain any further jurisdiction over the matter." (quoting *Phifer v. Warden, U.S. Penitentiary*, 53 F.3d 859, 862 (7th Cir. 1995))). However, if a state "fails to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, ... the conditional grant of habeas corpus *requires* the petitioner's release from custody." *Harvest*, 531 F.3d at 750; *see also Gentry*, 456 F.3d at 692 ("[I]f the state fails to comply with [the district court's] order, release will occur. Ordinarily, the only task that remains for the district court is the execution of judgment." (quoting *Phifer*, 53 F.3d at 862)).

*Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

The Court, having reviewed the parties' pleadings and evidence, matters judicially noticed, the record, and the controlling law finds that: (i) Respondent complied with the Conditional Writ, and (ii) matters raised under the February 16, 2024 Resentencing are not properly before it.

A.   The Conditional Writ

The undisputed record before the Court demonstrates that the State opted against a new trial on the special-circumstances allegations and agreed that Petitioner could be sentenced to a penalty other than death in conformity with state law, prior to the Ninety-Day Deadline.  Particularly, the Court observes that:

1. Not later than September 8, 2023, the State notified the sentencing court, i.e. the Fresno County Superior Court, with service on Petitioner's counsel, that the parties were in agreement Petitioner should be resentenced and the special circumstances should be dismissed (Doc. 165, Exhibit A at Attachment 4).

2. Not later than September 8, 2023, the State notified Petitioner's counsel and the Fresno County Superior Court that it would not be seeking a new trial on the special circumstances (Doc. 165, Exhibit A at Attachments 1, 3).

3. Not later than September 8, 2023, the State requested, with service on Petitioner's counsel, that the Fresno County Superior Court place the matter on calendar for resentencing based upon Ninth Circuit's May 31, 2023 opinion and the State's decision not to retry the special circumstance allegations thereunder (Doc. 165, Exhibit A at Attachments 3, 4), whereupon the Fresno County Superior Court initially calendared resentencing for October 19, 2023 (Doc. 165, Exhibit A at Attachment 6), and then rescheduled the matter due to a month-long trip to Europe previously scheduled by Petitioner's counsel (*id.*).

4. Prior to the Ninety-Day Deadline, the parties were in discussion regarding a stipulation proposed by Petitioner for a reduced sentence pursuant to California Penal Code Section 1172.6, ultimately declined by the State (Doc. 165, Exhibit A at 4-6), further delaying resentencing, without objection by the defense. (Doc. 165, Exhibit A at 2-3; *id.* at Attachments 5, 6; *cf.* Doc. 166 at 3-4, citing Doc. 165 at 6, 19, 22, 25-26.)

Even if that State were seen to have delayed complying with the Conditional Writ beyond the Ninety-Day Deadline, the parties' noted consensual continuances in the Fresno County Superior Court relating to Petitioner's proposed stipulated reduced sentence pursuant to state law during that timeframe would suggest a basis to afford Respondent relief from the Ninety-Day Deadline. *See e.g., Harvest*, 531 F.3d at 744 (a district court can modify its conditional writ even after the time provided in the conditional writ has lapsed).

Furthermore, for purposes of the Conditional Writ, it is of no consequence that Petitioner

1 was resentenced beyond the Ninety-Day Deadline provided by the Conditional Writ.  The
2 Conditional Writ required only that the State agree to resentence Petitioner in accordance with state
3 law prior to the Ninety-Day Deadline, not that it actually resentence him within that timeframe.
4      Finally, to the extent Petitioner may argue that the Ninth Circuit's May 31, 2023 remand
5 order independently required the State take action in compliance therewith prior to August 30,
6 2023, the argument is unsupported and unavailing.  (*See* Doc. 163 at 8 n.2 citing *Dickey*, 69 F.4th
7 at 648.)  The Circuit's order is unequivocally directed to this Court, which then issued the
8 Conditional Writ.  *See Dickey v. Davis*, 69 F.4th at 648, citing *Phillips v. Ornoski*, 673 F.3d 1168,
9 1197 (9th Cir. 2012) (upon remand from the Circuit, the district court grants the conditional writ).
10 Moreover, Petitioner's argument fails to consider possible writ of certiorari from the Circuit's
11 order.  U.S. Sup. Ct. R. 13.  Petitioner provides no authority or analysis on the facts and
12 circumstances of this case suggesting otherwise.
13      B.     The February 16, 2024 Resentencing
14      Petitioner's February 16, 2024 Resentencing is not properly before the Court.  The
15 Conditional Writ has been satisfied, for the reasons stated.  Even if the Court's habeas jurisdiction
16 could be seen to continue beyond the Conditional Writ, the Court could not entertain claims of
17 errors by the state court in the application of its own law.  *See Bradshaw v. Richey*, 546 U.S. 74, 76
18 (2005), citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (federal court is bound by "a state
19 court's interpretation of state law"); *McGuire*, 502 U.S. at 67-68 (federal habeas corpus does not
20 ordinarily lie for errors of state law absent a due process violation).  Nor could the Court review
21 unexhausted claims of state court error.  28 U.S.C. § 2254(b)(1)(A).
22      In any event, the record before the Court shows that Petitioner was resentenced in Fresno
23 County, California, following a noticed and briefed public hearing, at which Petitioner was present
24 via videoconference, pursuant to state law for two counts of California Penal Code § 187(a)
25 murder, with consecutive 25 years to life sentences imposed.  *See* Doc. 165, Exhibit A at 4-5,
26 Exhibit B at 4-5, Exhibit D, Exhibit E.)
27      Petitioner does not explain or demonstrate on the factual record how he was denied due
28 process notice and opportunity to respond to the State's case for resentencing.  As noted, the

February 16, 2024 Resentencing was noticed to and briefed by the parties, apparently without objection as to process.

Moreover, Petitioner's arguments relating to the sentence imposed at the February 16, 2024 Resentencing, including as to matters of his underlying conviction, the jury's findings, and current state law (*see* Doc. 163 at 5-11; Doc. 166 at 3-5; *see also* Doc. 165-1 at 6-7 citing Cal. Penal Code §189(e)(2)-(3); *People v. Dickey*, No. F084345, 2023 WL 2604968, at *5 (Cal. Ct. App. 5th Dist. Mar. 23, 2023) (unpublished)), and the merely concurrent sentences imposed by the trial court on conviction for the predicate robbery and burglary felonies, were considered and rejected by Fresno County Superior Court Judge Jeffrey Hamilton.  Petitioner's mere disagreement with the sentence imposed does not demonstrate that the  February 16, 2024 Resentencing was not in accordance with state law.  Petitioner's speculation that absent the alleged errors at the February 14, 2024 Resentencing, he would immediately be parole eligible given his 35 years served and perfect disciplinary score, similarly falls short.

C. Conclusions

The Court finds that the State satisfied the Conditional Writ and it is no longer operative; and Petitioner's February 16, 2024 Resentencing, including the consecutive 25 years to life sentence imposed, is not before the Court.  Thus, Petitioner is not eligible for release from custody under the Court's Conditional Writ.  Thus, the Court **ORDERS**:

1. Petitioner's motion for release from custody (Doc. 163) is DENIED in its entirety.
2. The scheduled June 5, 2024 hearing on Petitioner's motion is VACATED.
3. The Clerk of the Court is directed to CLOSE the case.

IT IS SO ORDERED.

Dated:   **May 21, 2024**

UNITED STATES DISTRICT JUDGE

7

.